## SMITH, *plf. in error, vs.* MOORE.

In a declaration upon *Stat.* 1821, *ch.* 51, *sec.* 11, to recover the penalty there enacted against an executor for neglecting to file and obtain probate of a will, it is necessary to allege, in the words of the statute, that the neglect was " without just excuse made and accepted by the Judge of Probate for such delay." And the want of this allegation is not cured by verdict.

But it is not necessary to aver that such omission was intentional.

Where, after verdict for the plaintiff, the question whether the action was maintainable, upon the facts proved at the trial and reported by the presiding judge, was reserved for the consideration of all the judges, and judgment was entered for the plaintiff according to their opinion ; this was held to be no bar to a writ of error brought to reverse the judgment for a defect of substance in the declaration.

ERROR to reverse a judgment of this court rendered against the present plaintiff in error, in an action brought against him as executor of the last will and testament of *John Moore,* to recover the penalty provided by *Stat.* 1821, *ch.* 51, *sec.* 11, for neglecting to file the will within thirty days after the death of the testator, and obtain probate of the same. See this case in 5 *Greenl.* 490.

The principal errors assigned were, that in the declaration it was not alleged that the original defendant neglected to file the will *" without just excuse made and accepted by the Judge of Probate for such delay"*—nor that the omission was intentional.

*D. Goodenow,* for the plaintiff in error, to the first point cited *Little v. Thompson,* 2 *Greenl.* 228 ; *Spieres v. Parker* 1 *D. & E.* 141 ; 1 *Day* 186 *note* ; *Doug.* 683 ; 1 *Salk.* 364 ; 2 *Salk.* 662 ; *Williams v. Hingham,* 4 *Pick.* 341. And to the second point, *Stebbins v. Lathrop,* 4 *Pick.* 33 ; *Sanford v. Emery,* 2 *Greenl.* 5 ; *Greenfield v. Cushman,* 16 *Mass.* 393.

*J. & E. Shepley,* for the defendant in error, said that no writ of error would lie in cases situated like this, it having been submitted to the decision of the court upon the evidence reported by the judge ; the parties agreeing, as the report showed, that if the evidence offered by the defendant was admissible, and, in the opinion of the court,

constituted a good defence to the action, the verdict should be set aside, and the plaintiff become nonsuit; otherwise, that judgment should be rendered on the verdict, which was for the plaintiff, for such sum as the court thought proper. Such an agreement, certified by the judge as made in open court, has all the effect of a case stated by the parties, the judgment upon which is not reversible by writ of error. *Wellington v. Stratton,* 11 *Mass.* 395; *Gray v. Storer,* 10 *Mass.* 163; *Carroll v. Richardson,* 9 *Mass.* 329; *Alfred v. Saco,* 7 *Mass.* 380. It was a judgment rendered by consent; and if it does not so appear, it is the mistake of the clerk, which the court will cause to be corrected. *Ex parte Weston,* 11 *Mass.* 418.

The judge's report also shows that the plaintiff in error has had the benefit of proving, at the trial, all matters which he chose to offer in excuse; which goes to cure the omission complained of, within the principle of *Pangburn v. Ramsay,* 11 *Johns.* 141; *Dunning v. Owen,* 14 *Mass.* 157; *Keay v. Goodwin,* 16 *Mass.* 1.

As to the words omitted in the declaration, they constitute no part of the statute offence; but are merely a provision by which the offender may be excused for neglect of his duty. It is true that some authorities do state, in general terms, that the declaration should negative the exceptions in the enacting clause of the statute on which the action is founded; but all agree that even an exception needs not to be negatived, if found in a different section of the same statute. No good reason can easily be found for this distinction. But in other cases it has been held that this rule is by no means universal. *Lee v. Clark,* 2 *East* 333; *King v. Stephenson, ib.* 362; 1 *Chitty on Plead.* 357; 1 *Saund.* 309 *note* 5.

The omitted words, however, do not constitute an *exception;* which is a restriction of the right of action to a certain class of individuals; or the exemption of a particular class from the operation of the law. They merely form an *excuse* for every offender, upon certain conditions. And such matter of excuse, it is never necessary to negative in the declaration; it should be pleaded, or proved, by the defendant. 1 *Chitty on Plead.* 229, *Day's ed. note; Shelden*

Smith *v.* Moore.

*v. Clark,* 1 *Johns.* 513 ; *Bennett v. Hurd,* 3 *Johns.* 438 ; *Teal v. Fonda,* 4 *Johns.* 304 ; *Hart v. Cleis,* 8 *Johns.* 41.

The opinion of the Court was read in the ensuing term, as drawn up by

Mellen C. J. The objection which has been urged against our sustaining the writ of error in this case, we do not consider as well founded. The judgment before us discloses none of those facts on which the counsel rests his argument. They do not appear on the record ; and it is well known that neither a report of a judge, nor an exception alleged by a party according to our statute, constitutes any part of the record. But if the facts did appear on the record, it would not alter the case. The question reserved was whether the action was maintainable upon the facts reported ; and the usual language of the report cannot fairly be construed as meaning any thing more. Whether all the facts necessary to the maintenance of the action were averred in the declaration, was no part of the case reserved ; and the consideration of it was expressly excluded in giving our former opinion in this case. The case of *Knox v. Waldoborough,* 5 *Greenl.* 185, in some measure resembles this. In a former suit for the same cause of action, the parties agreed on a statement of facts, with the usual clause, that if the court should be of opinion that the action was not maintainable, the plaintiffs would become nonsuit ; and in submission to their opinion, a nonsuit was entered ; and the question was whether these proceedings in the first action amounted to a bar to the second. The court decided that they did not.

The 11th section of *ch.* 51 of the revised statutes, on which the original action is founded, so far as it relates to the errors assigned, is in these words ;—" That whenever any executor or executors of the last will of any person deceased, knowing of their being so named and appointed, shall neglect to cause such will to be filed within thirty days next after the death of the testator, in the Probate office of the county where he last dwelt, and proved and recorded within such time as the Judge of Probate shall limit and appoint ; or present the said will and in writing declare his, her or their refu-

sal, every executor so neglecting his or her trust and duty in that behalf, (without just excuse made and accepted by the Judge of Probate for such delay) shall forfeit" &c. The declaration contains an averment that the will was then in full force and unrevoked; that the defendant knew of his appointment as executor; and charges his neglect in the language of the act, omitting, however, the words contained in the above parenthesis.

Three questions are here presented. 1st Whether the defendant's neglect is sufficiently alleged. 2d, Whether the plaintiff was bound to aver that the defendant had no just excuse for his delay, which was made to and accepted by the Judge of Probate. 3d, Whether, if bound so to do, the omission and defect are cured by the verdict.

It is generally considered as a safe mode of declaring for a statute penalty, to declare in the words of the statute, as the plaintiff has done in the present case; without alleging any corrupt or illegal motive in express terms, where no particular motive is mentioned in the law. It is averred in the present case that the defendant knew he was appointed executor, and that the testator was dead. Now as every man is bound and presumed to know the law, we must consider him as knowing that he was under a legal obligation to present the will to the Judge of Probate within thirty days, and cause it to be proved and recorded, or in writing declare his refusal. His omission to comply with his duty in this respect was a voluntary and direct violation of law. The averment of neglect, as to this point, seems to be sufficient; for if a man knowingly violates a law, he must certainly be considered as doing it willingly and intentionally. The cases of *Greenfield v. Cushman*, and *Sanford v. Emery*, cited in the argument, differ from this. In neither of those was there any question of pleading, but merely as to sufficiency of proof; nor was there evidence in either of an intent to violate any law, or even do an improper act.

2. As to the want of an averment that the defendant's delay was without excuse, accepted by the Judge of Probate, there is some perplexity and contradiction in the books, respecting the principles to be applied in the decision of the question, in this and many other cases somewhat similar. There seems to be much curious learning

and many nice and rather shadowy distinctions, the sound reason and solid sense of which are not very easily discoverable; still, where they are firmly established, it is our duty to respect them in our decisions. The rule is laid down by *Chitty, vol.* 1, 229, in these words: "In pleading upon statutes, where there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exception; but if there be an exception in a subsequent clause, that is matter of defence, and the other party must show it, to exempt himself from the penalty." The same principle is laid down in 5. *Bac. Abr. Statute L.* and in *Rex v. Pratten,* 6 *D. & E.* 559, and *Rex v. Jarvis,* 1 *East,* 646, *note.* So also in *Spieres v. Parker,* 1 *D. & E.* 141, Lord *Mansfield* says,—"It is a settled distinction between a proviso in the description of the offence, and a subsequent exemption from the penalty under particular circumstances; if the former, the plaintiff must, as in actions upon the game laws, aver a case which brings the defendant within the act; therefore he must negative the exceptions in the enacting clause, though he throw the burden of proof upon the other side." Indeed such seems to be the whole current of English decisions as to the above mentioned principle of pleading. In answer to these, however, the counsel for the defendant relies upon some supposed distinctions, between this case and *Spieres v. Parker* and also on several cases in *New York.* Mr. *Day,* the learned editor of many valuable English works, in his edition of *Chitty, vol.* 1, 229, in a note observes,—"The correct rule is this; if the proviso furnishes matter of excuse for the defendant, it need not be negatived in the declaration, but he must plead it. In this point of view it is immaterial whether the proviso be contained in the enacting clause, or be subsequently introduced in a distinct form. It is the nature of the exception, and not its location, which decides the point." As the ground of his opinion he cites the case of *Sheldon v. Clark,* 1 *Johns.* 513; *Bennett v. Hurd,* 3 *Johns.* 438, and *Teel v. Fonda & al.* 4 *Johns.* 304, which seem fully to support Mr. *Day's* opinion; except that in all three of the cases there was a distinct proviso in form in the section on which the action was founded. Mr. *Dane, ch.* 196, *art.* 8, *sec.* 21, cites the above case of *Teel v. Fonda,* and states the principle of the decision; but he expresses

his opinion in the sentence which follows : " But this decision must be understood to be subject to the rule laid down, *art.* 3, especially *Rex v. Pratten*" 6 *D & E.* 559 ; in which case it was admitted and held that the distinction had always been allowed between an exception in the enacting clause, creating the forfeiture, and a subsequent proviso in the same statute.

In the case at bar, what has been termed the proviso or exception, but which, properly speaking, is a qualification, stands in the centre of the enacting clause, and before the first sentence is finished.   Indeed we are not able to distinguish it from the case of *Little v. Thompson.*   That was an action of debt for taking and disposing of certain of the plaintiff's logs.   The statute on which the plaintiff professed to maintain his action, provides " that if any person shall take, carry away, or otherwise convert to his own use, without the consent of the owner, any log, &c. he shall forfeit," &c.   The plaintiff did not aver that the logs were taken without his consent ; and for that reason the judgment was arrested.   In both cases the omitted words were in the midst of the enacting clause ; in one case, there was delay without just excuse, prohibited under a penalty ; and in the other, a conversion of property, without consent of the owner, prohibited under a penalty.   The case of *Williams v. Hingham & Quincy Turnpike, &c.* was decided on the same principle, and the court expressly proceeded on the above mentioned distinction.   The section which subjected the proprietors to liability in damages to the sufferer, limited the action to those liable to pay toll, (persons of a certain description being by law exempted from the payment of toll ;) and the declaration did not contain any averment that *Williams* was so liable.   The Chief Justice in delivering the opinion of the court, says, " the cases before cited sufficiently establish the rule that where an action is " given by statute, and in another section, or a subsequent statute, exceptions are enacted, the plaintiff need not take notice of them in his count, but leave it to the defendant to set them up in his defence ; but when the exception or limitation is in the same section which gives the right of action, the plaintiff must negative its application to his ground of action."   The same principle is distinctly laid down 2 *Pick.* 139, *Commonwealth v. Maxwell.*   After a careful exami-

nation, we have not found ourselves at liberty to depart from a rule so long and so firmly established, although we are always disposed to go to the utmost limits of our legal authority in support of a declaration, after a verdict has been given.

With the same disposition, we have also examined the 3d question ; but we are satisfied that the defect in the declaration is not cured by the verdict. On this point the beforementioned case of *Little v. Thompson* seems to be a guide for us ; for though the omitted averments should have been in both cases inserted ; yet in both also the burden of excusing proof, would have been thereby thrown upon the defendants. But in addition to this, we would observe that in most cases where a defective declaration is cured by verdict, the facts omitted are such as must be presumed to have been proved on trial, by the plaintiff, or he could not have obtained a verdict. Our law books contain numerous cases of this kind. But the present case is different ; the plaintiff was entitled to a verdict, on proof before the jury of the facts stated in the declaration. Those facts we presume were proved ; but as the facts alleged have no reference to those facts necessary to be proved in the defence, there is no ground for any presumption. It follows therefore, that the verdict for the plaintiff does not prove that no excuse ever was made and accepted. The cause might have been called on to trial when the defendant's witnesses to prove that fact were absent. It is said in the argument that the defendant attempted to prove an accepted excuse, but failed. The answer to that observation or statement is, that in deciding this motion we have nothing but the record to inspect for allegations and facts ; and the declaration is the only part of the record which contains any which can aid us.

*Judgment reversed.*