MELE K. NOTLEY *v.* CECIL BROWN AND ANTHONY
 LIDGATE, EXECUTORS AND TRUSTEES, EMMA
 DANFORD AND H. G. DANFORD HER HUSBAND,
 GRANVILLE R. N. H. DANFORD (a minor), MARIA
 HUGHES AND THOMAS H. HUGHES HER HUS-
 BAND, MARIA NAWAHI (nee Hughes), HENRY
 HUGHES (a minor), EMMA HUGHES (a minor),
 CLARENCE HUGHES (a minor), CHARLES
 HUGHES (a minor), WILLIAM N. HUGHES (a
 minor), DAVID NOTLEY AND HELEN KAMALU
 NOTLEY HIS WIFE, WILLIAM NOTLEY AND
 MELISA NOTLEY HIS WIFE, CHARLES NOTLEY
 AND EMMA NOTLEY HIS WIFE, JOHN NOTLEY
 AND ANNA NOTLEY HIS WIFE, VICTORIA
 MARIA KEALA NOTLEY, LILY NOTLEY (a
 minor), AND WILLIAM K. NOTLEY (a minor).

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

ARGUED MARCH 15, 1905.        DECIDED MARCH 27, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

DOWER IN PERSONALTY.

Expenses of administration should be deducted before widow's dower is apportioned out of her husband's personal estate under Revised Laws, Sec. 2271.

Expenses, if reasonable, incurred by executors in proceedings to contest will of decedent are expenses of administration.

OPINION OF THE COURT BY WILDER, J.

This is an appeal from a decree admeasuring dower to Mele K. Notley under Sec. 2271 of the Revised Laws, which provides as follows: "Every woman shall be endowed of one-ithrd part of all the lands owned by her husband at any time during marriage, in fee simple, in freehold, or for the term of fifty years or more, so long as twenty-five years of the term remain unexpired, but in no less estate, unless she is lawfully barred thereof; she shall also be entitled, by way of dower, to an absolute property in the one-third part of all his movable effects, in possession, or reducible to possession, at the time of his death, after the payment of all his just debts." (C. C. 1859, s. 1299; Cp. L. s. 1299; C. L. s 1906.) There are but two questions involved.

1. The first question to be decided is, whether the expenses of administration of the estate should be deducted before the widow's share is apportioned out of her husband's personal estate. The circuit judge was of the opinion that, as the common law rule that expenses of administration take precedence over debts is in force in this Territory, the payment of debts could only be made after the expenses of administration, and consequently the widow takes her portion after the payment of debts and debts are subject to the payment of expenses of administration.

Section 1846 of the Revised Laws makes it the duty of a person named as executor in a will to apply for probate of such will. That being so, the executor should be entitled to charge against the estate the reasonable expenses of doing something which the law says he shall do, and the payment of such expenses should be postponed until after the payment of debts of the decedent.

The statute in question is a statute of dower and not of descent. *Carter v. Carter*, 10 Haw. 687. The "debts" referred to in the statute do not include any claims against the estate arising after decedent's death, such as funeral charges,

expenses of administration and the like. *Schouler on Executors and Administrators,* Secs. 421-426. The question at issue is not so much whether debts include expenses of administration, as it is whether the widow gets her share of the personalty only after the payment of the debts or after the payment of the expenses of administration and the payment of the debts.

In the absence of any statute in this Territory settling the priority of payment of claims against estates of decedents *(Grace v. Smith,* 14 Haw. 144), the rule at common law will be followed, which is that expenses of administration take precedence over debts of decedent. *Schouler on Executors and Administrators,* Sec. 423; 4 Bacon's Abridgement, 105; 2 Williams on Executors, 988. Under that rule the expenses of administration must be paid before the debts, and as the widow is not entitled to her share until after the "payment of all just debts," the payment of which debts is subject to the payment of expenses of administration, there is no error in that part of the decree appealed from.

One of the objects of requiring the probate of wills and the administering of estate is to provide for the due classification and adjustment of all claims and debts against estates. Until an estate is probated, which of necessity involves expenses of administration as an incident thereto, how can it be known with certainty that all just debts have been paid, after which only is the widow entitled to her share in the personalty? A widow is only entitled to her share in the personalty after the payment of expenses of administration and after the payment of all just debts of the decedent.

2. The second question presented for consideration is, whether the expenses incurred by the executors in proceedings to contest the will of the decedent are expenses of administration. The circuit judge held that, inasmuch as the expenses of such contest were created in a measure by the widow herself, who was one of the contestants, it would be inequitable to compel the successful proponents of the will to bear the entire expense of such a contest. As before stated,

it is the duty of a person named as executor in a will to offer the same for probate (Revised Laws, Sec. 1846), and any ordinary and reasonable expenses incurred by him in performing such duty are undoubtedly expenses of administration.

The point is, whether extraordinary expenses, such as were incurred by the executors in successfully defending the will after a hard fought and bitter contest, should also be allowed as a part of the expenses of administration and be chargeable in part to the widow. The authorities are somewhat in conflict on this matter. In the case of *Hazard v. Engs,* 14 R. I. 5, 8, it is said: "In *Bradford v. Boudinot,* 3 Wash. C. C. 122, the court say: 'The executor, believing the paper under which he acts is the last will, is authorized, and it is his duty to support the first probate, and he is entitled to retain the expenses of the litigation out of the estate.' See also *Enloe v. Sherrill,* 6 Ired. 212; *Stebbins v. Lathrop,* 4 Pick. 33; *Smith v. Moore,* 6 Me. 274. In *Wills v. Spraggins,* 3 Gratt. 529, 542, the court state the law as follows, to wit: 'The ecclesiastical courts, as is well known, have jurisdiction only of wills of personalty, and regard the executor named as the only proper person to propound the will for probate, whether voluntarily or upon the citation of others interested in the subject. He is the representative of the will, and of all interests created by it, and, moreover, the legal owner of the testator's personal estate. It is, therefore, his right and his duty to obtain for the instrument the sanction prescribed by law.' And the law is laid down in similar language by the supreme court of Alabama in *Henderson v. Simmons,* 33 Ala. 291, 299. · 'It is the privilege,' say the court, 'if not the duty, of one named as executor of a paper purporting to be a last will and testament, to propound it for probate. If he have no knowledge or reasonable ground on which to predicate a well-grounded suspicion against the legality of the will ,and propound the paper in good faith, he but carries out the intention with which he was appointed. Any reasonable costs and expenses incurred by him in the honest endeavor to give effect to the will, is a proper charge on

the estate in his hands.' This seems to be not only good law but also good sense; for the will may contain gifts to persons who are either not yet in being or not yet ascertained, and who, therefore, cannot protect themselves, and whose rights might be sacrificed by a rejection of the will, unless the executor should take on himself the duty of establishing it."

The rule announced in this last case, namely, that any reasonable costs and expenses incurred by executors in probating a will, even if contested, is the one which should be followed in this Territory. But these expenses should be reasonable. There is no question but that the executors in this instance acted in good faith.

The record on this appeal does not disclose the amount of expenses incurred by the executors in the proceedings to contest the will, and which they either have been or ask to be allowed as part of the expenses of administration. On this point we would say, however, that estates of decedents should be protected and conserved for the benefit of all concerned and not slaughtered or wrecked. And it is the duty of the courts before whom these estates come for settlement or review to see that they are protected in every instance irrespective of whether any objection is made by any of the interested parties or not. The practice or regarding estates coming before courts for review or settlement to be the legitimate prey of all who come in contact therewith should never for one moment be tolerated in this Territory.

The decree appealed from is affirmed and the case is remanded to the circuit judge of the fourth circuit for such further proceedings as may be proper not inconsistent with this opinion.

*Kinney, McClanahan & Cooper* and *S. H. Derby* for plaintiff-appellant.

*Holmes & Stanley* for respondents-appellees.