## IN THE MATTER OF THE GUARDIANSHIP OF TARO SOGA, CHIZUI SOGA AND YACHIYO SOGA, MINORS.

### No. 1399.

APPEAL FROM CIRCUIT JUDGE SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

SUBMITTED OCTOBER 19, 1922.          DECIDED JANUARY 30, 1923.

PETERS, C. J., LINDSAY, J., AND CIRCUIT JUDGE O'BRIEN IN
PLACE OF PERRY, J., DISQUALIFIED.

GUARDIAN AND WARD—*investment of funds of the estate.*

It is the duty of a guardian to keep the funds of the estate invested so as to produce income, and, for failing to keep such funds invested, the guardian may be surcharged with the interest that might have been earned.

SAME—*commissions.*

Under the facts herein, the guardian is allowed statutory commissions notwithstanding his failure to file accounts annually, it appearing that such failure was due to mere oversight and not to wilful negligence, and no loss to the estate having accrued by reason of such failure.

SAME—*master's fees.*

An allowance of a fee of $300 to a master held not to be warranted, it appearing that the services rendered were not of an unusual or difficult character.

OPINION OF THE COURT BY LINDSAY, J.

On May 17, 1918, appellant was appointed guardian of the property of Taro Soga, Chizui Soga and Yachiyo Soga, minors. On September 2, 1921, for the first time since his appointment, the guardian filed his accounts as guardian, which accounts were referred by the circuit judge to a master for examination. Thereafter the master filed his report finding the accounts correct, but recom-

mending that the guardian be surcharged as follows: for interest on moneys in hands of the guardian which should have been kept invested so as to produce income for the estate of the minors, $82.60; for rental of a building belonging to the estate, said to have been occupied by the guardian for one week, $5; all of the statutory commissions due the guardian, for the reason that the guardian had failed to file annual accounts amounting to $306.10; the amount surcharged aggregating $393.70.

The guardian excepted to the master's report and the circuit judge, after argument, made a written order approving and adopting *in toto* the recommendations of the master, and allowed the master a fee of $300 for his services, from which order the guardian has perfected an appeal to this court.

As to the sum of $82.60 for which the guardian is surcharged, being interest on money in the hands of the guardian which should have been kept invested so as to produce income for the estate of his minor wards, an examination of the accounts filed by the guardian shows that, at the date on which the accounts were filed, the guardian had on hand the sum of $2635.97, of which sum $1450 was on deposit in the savings department of the banking concern of which the guardian is cashier, and drawing interest at the rate of 4% per annum. The balance of $1185.97 was on ordinary deposit in the same bank no interest being allowed thereon. It does not appear that all of this sum of $1185.97 was income of the estate, for, as appears from the guardian's accounts, on the inception of the guardianship there came into the hands of the guardian the sum of $535.88, which must be regarded as part of the corpus of the estate.

The guardian seeks to justify his failure to keep the funds of the estate invested, on the ground that his wards were residing in Japan and that he might at any time

have been called upon to remit moneys to Japan for their maintenance and education. During the more than three years, however, that appellant had held the guardianship, he had apparently never been called upon to contribute towards the maintenance of his wards, hence this contention is entitled to little weight; moreover had these funds been deposited in the savings department of the bank, there would have been nothing to have prevented the withdrawal, from the bank from time to time, of sums required for the use of the minors.

In a case of this nature it is the duty of the guardian to keep the funds belonging to the estate invested so as to produce income. The guardian in this case evidently recognized the wisdom of such a course for, early in his guardianship, when a portion of the real estate of his wards was sold, he deposited the proceeds in the savings department of the bank, and interest on this deposit has been earned for the estate. As this court remarked in re *Guardianship of Hoare,* 14 Haw. 443, at page 444, "Under some circumstances, the retention by a guardian of a small sum of money, uninvested, would be justifiable and he would not be chargeable with interest for so retaining it, but such a case is not here presented." Under the circumstances, therefore, we cannot say that the circuit judge abused his discretion in holding that the guardian had been lax in having failed to keep invested a portion of the funds of the estate, and in surcharging him with the interest that might thus have been earned. The order surcharging the guardian with the sum of $82.60 is sustained.

As to the sum of $5 surcharged for rental of a cottage belonging to the estate, occupied by the guardian for one week. The evidence shows that the only time that this cottage was ever occupied by the guardian was during either July or August, 1917, before the appointment of the

guardian, and with the consent of the then owner. The circuit judge therefore erred in surcharging the guardian with the sum of $5.

Guardian's commissions. The master recommended that the guardian be surcharged in the sum of $306.10, the said sum representing the amount due to the guardian as commissions. This recommendation was because of the failure of the guardian to file annual accounts as required by Act 101, S. L. 1915. The court accepted this recommendation and the guardian was surcharged with all of the commissions that he would otherwise have been entitled to.

It is admitted that no accounts were filed by the guardian from the time of his appointment in May, 1918, until the present accounts were filed in September, 1921, the excuse given by the guardian for such delay being that it was merely from oversight and that the necessity for filing such accounts had never been called to his attention. It is not asserted that this failure has resulted in loss to the minors nor that, in other respects, the guardian has failed in his duty as guardian.

Act 101, S. L. 1915, requires all guardians to annually file an account showing in detail the receipts and disbursements of the trust estate. In the case of a guardian failing to file his accounts it is the duty of the clerk of the court to notify him promptly of such failure, and, if within thirty days of such notification, the guardian still fails to file his accounts, he may be cited to appear and show cause why he should not be punished for contempt of court. The circuit judge may also, in his discretion, remove any such guardian.

In the instant case, although it appears that for more than three years no accounts were filed, the failure of the guardian in that respect was never brought to his attention by the clerk of court or by any other authority, and

the accounts involved herein were filed by the guardian of his own volition. The failure on the part of the guardian to file his accounts annually was evidently, as he testified, due to mere oversight, and not to wilful negligence. Had the matter been called to his attention doubtless he would have filed his accounts in due season. Under these circumstances, therefore, a denial to the guardian of the remuneration that he is by law entitled to for his services, is too harsh and severe punishment for an oversight that has resulted in no loss to the trust estate. While we are not to be considered in any manner as approving the failure of guardians to file annual accounts, we are of the opinion that in this case, the refusal to allow the guardian his statutory commissions was an abuse of discretion on the part of the circuit judge.

The circuit judge allowed the master a fee of $300 for his services as master. From the guardian's accounts it appears that, during the period covered, the average annual net income of the estate was approximately $300, hence the fee allowed equalled one year's income. Upon the face of it such a fee is preposterous, unless it can be made to appear by the record that the services of the master were of such an unusual nature as to make his services reasonably worth that amount. The record herein reveals no such conditions. The accounts of the guardian show that the entire income of the estate is derived from rents of lands. The duty of the master to scrutinize these receipts and to determine whether the rents were adequate and had all been collected, was not a difficult one, nor such that required an unusual degree of skill. The expenditures were supported by some twenty-six vouchers, an examination of which could not have occupied a great deal of the master's time. The nature of these accounts and the small amount involved was such that the circuit judge might well have examined them himself or have ordered

his clerk to do so at no cost to the minors. The master in his brief says that he "investigated the premises at Paia and also at Kula, Maui," for what purpose is not stated, but assuming that the master deemed it necessary to "investigate" these premises, that additional fact indicates no reason why such an enormous fee should have been allowed. In view of all the circumstances a fee of $50 would have been ample, and we fix the master's fee in that amount.

The master contends that the question of the amount of the fee allowed by the circuit judge is not reviewable by this court, because no exception was taken to the order allowing such fee, and for the further reason that the appeal is directed, not to the entire order of the circuit judge, but only to the portion thereof that purposes to overrule the exceptions to the master's report.

Under our practice, no exceptions need be noted to the ruling of a circuit judge sitting at chambers. *In re Estate of Walters,* 10 Haw. 25, 27. Furthermore, on appeal from a circuit judge sitting in probate, objections not made before the circuit judge may be made in this court, and this court may itself raise objections not made by the parties. *Estate of A. Enos,* 18 Haw. 542; *Notley* v. *Brown,* 16 Haw. 575.

The appeal is stated to be "from the decision of the Honorable L. L. Burr, Judge of the Circuit Court for the Second Circuit, Territory of Hawaii, at Chambers, in Probate, filed on the first day of April, 1922." No decision seems to have been filed by the circuit judge on the 1st day of April, 1922, or on any other date, but on that date the circuit judge filed an order approving the findings of the master, and awarding to the master a fee of $300. Properly speaking the appeal should have been from the order and not from the decision of the circuit judge, but as it is apparent that the appeal is clearly intended to be from the order of the court entered on the 1st day of

April, 1922, the use of the word "decision" may be considered a mere mistake in terminology. The appeal on its face is a general one and from the whole of the order, any part of which is open to attack in this court by appellant.

That part of the order appealed from, surcharging the guardian with the sum of $82.60, is affirmed. The order allowing a master's fee of $300 is modified by reducing the sum allowed to $50. The remainder of the order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*E. R. Bevins* for the guardian.

*Master* in person.