# THE ESTATE OF ERIC T. WAKEFIELD, DECEASED

## NO. 8457

(PROBATE NO. 39848)

MARCH 1, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND CIRCUIT JUDGE HUDDY, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the Director of Taxation, State of Hawaii, from a judgment of the circuit court, sitting in what has traditionally been known as probate, holding that a widow's elective share of an estate is not subject to the Hawaii inheritance tax under § 236-2, HRS. We affirm.

After the death of Eric T. Wakefield, his widow, pursuant to the provisions of § 560:2-201, HRS, elected to take one-third of the net estate as provided in that section. The appellant subsequently assessed the estate an inheritance tax on the widow's elective share. The personal representative, after objecting to the assessment, paid the same and then, in a petition to the circuit court which had jurisdiction over the estate, challenged the assessment against the elective share.

Section 236-2, HRS, provides in part:

All property which passes by will or by the intestate laws of the State, from any person who dies seized or possessed of the same while a resident of the State, or which, . . . is transferred by deed, grant, sale, or gift, made in contemplation of the death of the grantor, vendor, or bargainor, or intended to take effect in possession or enjoyment after such death, to any person or persons, . . . is subject to a tax hereinafter provided for, to be paid to the department of taxation . . . .

The court below held that the widow's elective share was not taxable under the foregoing statutory provision.

Appellant raises two points on appeal. First, he claims that § 40-35, HRS, was applicable and that appellee was thus required to pay the taxes under protest and to bring an action pursuant to that section within 30 days thereafter. Secondly, he contends that the widow's elective share was a part of the probate estate and therefore passed to her under the laws of intestacy.

As to the first point, the first paragraph of § 236-28, HRS, states:

> The circuit court having jurisdiction of the decedent's estate in the State, shall have jurisdiction to hear and determine all questions in relation to the tax arising under this chapter, without the intervention of a jury.

We think it clear that the provisions of § 40-35, HRS, are not exclusive and that the court below had jurisdiction of the issue as to the amount of tax payable.

The second point is much more difficult and, if this was a matter of first impression, we might well uphold appellant's contention. However, the pertinent language in the first sentence of § 236-2, HRS, has survived unchanged from § 1323 of the Revised Laws of Hawaii (RLH) 1915 which was construed in *Estate of Castle,* 25 Haw. 108 (1919).

In that case, a widow had waived the provision made for her in the will and elected to take her dower rights under § 2977, RLH 1915. That "dower" statute gave her not only rights in real property but a right in one-third of all her late husband's movable effects in possession or reducible to possession at the time of his death after payment of all his just debts. This court said in that case:

> In order to determine whether the estate which the widow is given by the above statute is subject to an inheritance tax it must be determined whether it passes to her upon the death of her husband by virtue of "the intestate laws of this Territory," as there is no other expression in the inheritance tax law which could possibly make the tax apply to it. A determination of the nature of the estate which the wife has in her husband's estate by virtue of this statute will aid us in the solution of this question.

25 Haw. at 115. This court then went on to quote, at some length, from *Carter* v. *Carter,* 10 Haw. 687 (1897) and concluded by stating:

> The effect of this is to hold that the nature of the estate which the wife has by way of dower under this statute is the same as the common law dower, so that anything that may be said of common law dower is equally applicable to this estate. . . .

*In Re Estate of Lorenzo,* 61 Haw. 236, 602 P.2d 521 (1979),

this court reaffirmed that analysis of the nature of statutory dower, stating:

In fact, this court in *Estate of Castle,* 25 Haw. 108, 116 (1919), stated: "[T]he nature of the estate which the wife has by way of dower under the statute is the same as under common law dower so that anything that may be said of common law dower is equally applicable to this estate."

61 Haw. at 241, 602 P.2d at 526.

Nothing in the history of the adoption, as modified, of the Uniform Probate Code in this State in 1976 indicates an intention to change the existing law with respect to the inheritance tax.

Three sections of that code are particularly pertinent to this case. Section 560:2-101, HRS, provides

*Intestate estate.* Any part of the estate of a decedent not effectively disposed of by his will passes to his heirs as prescribed in the following sections of this chapter.

Section 560:2-102, HRS, provides

*Share of the spouse.* The intestate share of the surviving spouse is:

(1) If there is no surviving issue or parent of the decedent, the entire intestate estate;

(2) If there is surviving issue or parent of the decedent, one-half of the intestate estate.

Section 560:2-201 provides:

*Right to elective share.* (a) If a married person domiciled in this State dies, the surviving spouse has a right of election to take an elective share of one-third of the net estate under the limitations and conditions hereinafter stated.

(b) If a married person not domiciled in this State dies possessed of any right, title or interest in or to real property located in this State, including interests under agreement of sale, title to such right, title or interest shall vest, and the right, if any, of the surviving spouse to take an elective share in such right, title or interest, shall be governed, by the laws of this State. If a married person not domiciled in this State dies, the right, if any, of the surviving spouse to take any elective share in any property other than those described in the immediately preceding sentence is gov-

erned by the law of the decedent's domicile at death.

If these sections are read strictly, the "intestate share" of a surviving spouse is what the spouse would inherit in the case of complete or partial intestacy under § 560:2-102, HRS, and is distinct both in amount and nature from the "elective share" bestowed on election regardless of testacy or intestacy under § 560:2-201, HRS. Moreover, in certain cases, and to a limited extent, dower, as a part of the elective share, did survive the enactment of the probate code. Section 532-1, HRS, as amended by Act 200 of the Session Laws of 1976. We also note that the legislature chose not to enact § 2-113 of the Uniform Probate Code which would have expressly abolished dower and curtesy.

Appellant argues with considerable force that unlike dower under the former statute, the elective share of the surviving spouse, widow or widower, passes through the probate estate.[1] As in *Estate of Castle, supra,* points out, however, that is not the test of taxability as laid down in § 236-2, HRS. The question is, rather, whether the widow received her elective share by the intestate law of the State of Hawaii.

Given the distinction in the statutory language. between a spouse's "intestate share" and a spouse's "elective share" and given the failure of the legislature, at the time of the enactment of the probate code, to amend § 236-2, HRS, or to disavow, in any form, the reasoning and results of the *Estate of Castle, supra,* we feel constrained to affirm the decision below. Affirmed.

*Lawrence D. Kumabe,* Deputy Attorney General, for appellant Director of Taxation.

*David C. Larsen (John R. Conrad* with him on the brief, *Cades Schutte Fleming & Wright* of counsel), for appellee Estate of Eric Wakefield.

---

[1] Under § 236-5, HRS, as it presently reads, the surviving spouse's exemption is $300,000. There seems to be little policy reason for exempting the elective share altogether.