154

**IN THE MATTER OF THE PROTECTION OF THE PROP-
ERTY OF: RUBY ANN JAFFARIAN**, Protected Person

NO. 14741

(G. NO. 88–0260)

APRIL 17, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order denying a motion for removal of a guardian of the property of an incompetent taken by the daughter of the incompetent.

Appellee challenges appellant's standing to bring this appeal. HRS § 560:5–416 provides that any person interested in the welfare of the person for whom a guardian of the property has been appointed may file a petition in the appointing court for an order removing the guardian of the property. Appellant therefore had standing to file a petition for removal of the guardian and consequently had standing to take this appeal. *Compare In re Guardianship of Ward*, 39 Haw. 39 (1951), where two sisters of an incompetent sued out a writ of error, individually, and one of the sisters as next friend of the incompetent, from an order denying a petition for removal of a guardian of the property.

Appellant filed a motion for removal of the appellee as guardian of the property of the incompetent. Since the motion was a written request for an order accompanied by a notice, we deem it to be a "petition." HRS § 560:1–201(35). Attached to the motion was an affidavit of counsel alleging the indictment of the appellee for manslaughter and the removal of the appellee as a trustee in certain bankruptcy proceedings. Subsequently, in a supplemental memorandum in support of the petition for removal, appellant's counsel alleged that appellee had improperly paid himself certain fees, had improperly incurred certain expenses on behalf of the estate and was hostile to the appellant. Although appellant filed no amended motion for removal, the issues raised in the supplemental memorandum were discussed before the court at the hearing concerning removal. While we do not condone the method of raising these issues, no objection was made to that method and the court considered them.

Proceedings under HRS Chapter 560 are specifically exempted from the operation of the Hawaii Rules of Civil Procedure (HRCP) by HRCP 81(a)(1), accordingly, we have no findings of fact and conclusions of law to guide us as to what the court below found with respect to the various allegations. Indeed, the record shows that there was not even an evidentiary hearing.

Upon a review of an order removing or refusing to remove a guardian of the property, the standard of review is whether the court below abused its discretion, 39 Am. Jur. 2d *Guardian and Ward* § 57 (1968), since the question of removal of a guardian is one which lies within the discretion of the court. *In re Soga Minors*, 26 Haw. 774 (1923).

Appellant's allegations as to the appellee's indictment for manslaughter, removal as a trustee in a bankruptcy matter and hostility toward the appellant certainly do not, either individually or collectively, add up to grounds for removal as a matter of law. The allegations with respect to commissions and expenses are more serious, but obviously not every breach of trust by a guardian, per se, requires removal as a matter of law.

In this case, appellant's contentions were fully argued before the court and the court denied the motion for removal. No abuse of discretion in that denial has been shown on the record. Affirmed.

*Edward C. Kemper* (Kemper & Watts) on the briefs for appellant.

*Stephen B. MacDonald* and *Elizabeth Schaller Sink* (Cades Schutte Fleming & Wright) on the brief for appellee.